UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD RAY,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 3:CV-04-1029** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| ***ROBERT SHANNON***, | : | |
| | : | |
| **Respondent.** | : | |

# M E M O R A N D U M

## I.    Introduction

Petitioner, Ronald Ray, an inmate at the State Correctional Institution in Frackville ("SCI-Frackville"), Pennsylvania, commenced this action with a counseled petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254.  Respondent is SCI-Frackville Warden Robert Shannon.  The petition has been fully briefed and it is ripe for disposition.  For the following reasons, the petition will be dismissed as untimely.

## II.    Background

The facts are undisputed.  On May 14, 1999, Petitioner was convicted by a jury in the Berks County Court of Common Pleas in Reading, Pennsylvania, for the offenses of incest, statutory sexual assault, involuntary deviate sexual intercourse, indecent assault, and aggravated indecent assault.  As a result of the convictions, on June 28, 1999, Petitioner was sentenced to an aggregate term of 76 months to 20 years imprisonment.  After Petitioner's post-sentence motions were denied, he filed a timely notice of appeal, through counsel, and the judgment of sentence was affirmed on December 12, 2000.  Thereafter, Petitioner filed a counseled petition for allowance of appeal on January 16, 2001, which was returned as untimely on January 24, 2001, and he filed a counseled

petition for allowance of appeal *nunc pro tunc* on January 22, 2001, which was denied on March 19, 2001.

Subsequently, Petitioner filed a counseled petition ("PCRA") for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.A. § 9541, *et seq.,* claiming ineffective assistance of trial counsel and ineffective assistance of appellate counsel.  The PCRA, amended *pro se* on April 1, 2002, was dismissed on May 24, 2002.  Petitioner filed a counseled notice of appeal of the dismissal to the Pennsylvania Superior Court on June 20, 2002, and his appeal was denied on July 1, 2003.  Petitioner then filed a petition for allowance of appeal to the Pennsylvania Supreme Court on July 25, 2003, and the petition was denied on February 27, 2004.  Thereafter, Petitioner filed a petition for writ of certiorari to the United States Supreme Court on May 5, 2004, and that petition was denied on June 21, 2004.  Petitioner commenced the instant petition on May 6, 2004.  Respondent claims that the petition should be dismissed as untimely.[1]  The Court agrees.

## III.   **Discussion.**

Under the provisions of 28 U.S.C. § 2244(d)(1), a one-year statute of limitations is imposed on all habeas applications by persons ". . . in custody pursuant to the judgment of a State court . . .", which runs from ". . . the latest of -- (A) the date on which the judgment became final .  .  . (B) the date on which the impediment to filing . . . is removed . . . (C) the date on which the constitutional right asserted was initially recognized . . . or (D) the date

---

[1]Respondent also argues that Petitioner has failed to exhaust state court remedies, that Petitioner has procedurally defaulted his issue, that the habeas petition should be dismissed as a mixed petition, and that Petitioner's claims are without merit.  In light of the Court's disposition of the petition as untimely, Respondent's additional arguments will not be addressed by the Court.

on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Under the provisions of §2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2).

Petitioner does not dispute the applicability of the one-year statute of limitations, and the only dispute between the parties is the termination of the one-year period.  Respondent argues that the one-year statute of limitations began to run when Petitioner's "judgment of sentence became final on January 11, 2001, 30 days after the Superior Court rendered its decision, because he failed to seek [Pennsylvania Supreme Court review]."  (Doc. 11 at 3.) However, the period was tolled during the pendency of his PCRA.  Since Petitioner filed his PCRA "three days before the expiration of the jurisdictional time limitation . . . [he] would only have three days from the completion of the PCRA proceeding to apply for federal habeas relief."  (*Id.*)  Respondent argues that the federal habeas petition was due three days after the Pennsylvania Supreme Court denied discretionary review on February 27, 2004, notwithstanding the petition for writ of certiorari filed in the United States Supreme Court.  Since Petitioner did not file his habeas petition until May 10, 2004, Respondent claims the petition is time-barred and should be dismissed.

"In contrast, Petitioner contends that the petition for a writ of certiorari sought with the Supreme Court . . . [tolled] the statute of limitations, rendering the instant § 2255 (sic) petition timely."  (Doc. 15 at 1-2.)  In support of the argument, Petitioner cites the case of *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003).  However, Petitioner concedes that "the Third Circuit [Court of Appeals], in *Miller v. Dragovich*, 311 F.3d 574 (3d Cir. 2002) has ruled

3

contrary to petitioner . . . Petitioner is of course mindful that this Court . . . [is] constrained by [the] decision in *Miller* rather than . . . *Abela*," but Petitioner urges the Court to grant a certificate of appealability to allow the Third Circuit Court of Appeals to reconsider the issue. (*Id*. at 2-4.) Since *Miller* was decided by the Third Circuit Court of Appeals prior to the Sixth Circuit Court of Appeals decision in *Abela*, Petitioner argues that the Third Circuit Court of Appeals might reconsider its prior holding in light of the subsequent *Abela* decision. However, the United States Court of Appeals for the Third Circuit has subsequently revisited the issue, and the Court has reaffirmed its holding that the time during which a state prisoner may file a certiorari petition in the United States Supreme Court from denial of a PCRA petition does not toll the one-year statute of limitations for a § 2254 habeas petition. *Lacava v. Kyler*, 398 F.3d 271, 274 (3d Cir. 2005); *see also Day v. McDonough*, No. 04-1324, 2006 WL 1071410 (U.S. April 25, 2006). While the limitations period is subject to equitable tolling, *Miller v. New Jersey State Dep't. of Corrections*, 145 F.3d 616 (3d Cir. 1998), the record in this case is devoid of facts that warrant extending the deadline for Petitioner to file in this Court. Thus, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). An appropriate Order follows.


Dated: May 1, 2006.                                    /s/ A. Richard Caputo
                                                       A. RICHARD CAPUTO
                                                       United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RONALD RAY,**                                   :
                                                 :
    **Petitioner,**                          :          **CIVIL NO. 3:CV-04-1029**
                                                 :
    **v.**                                  :          **(Judge Caputo)**
                                                 :
***ROBERT SHANNON,***                            :
                                                 :
    **Respondent.**                         :

## ORDER

    **AND NOW, THIS 1st DAY OF MAY, 2006,** in accordance with the foregoing

memorandum, **IT IS HEREBY ORDERED THAT:**

    1)    The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as untimely,

           pursuant to the provisions of 28 U.S.C. § 2244(d)(1).

    2)    The Clerk of Courts is directed to mark this case **CLOSED**.

    3)    Based upon the foregoing, there is no basis for issuance of a certificate of

           appealability.

                        /s/ A. Richard Caputo
                       A. RICHARD CAPUTO
                       United States District Judge